Case 4:22-cv-00837   Document 43   Filed on 08/16/24 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
August 16, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **IOU CENTRAL INC.,** § | |
| § | |
| Plaintiff, § | |
| § | **CIVIL ACTION NO. 4:22-cv-837** |
| VS. § | |
| § | |
| **TOTAL PLANT MANAGEMENT** § | |
| **GROUP INC.** *et al,* § | |
| § | |
| Defendants. | |

## ORDER

This dispute is between an attorney, Paul Wersant, and his former client, Plaintiff IOU Central Inc. On June 13, 2024, the Court granted Wersant's Motion to Enforce his Lien. ECF No. 30. IOU had not filed a response to Wersant's Motion, so the Court presumed it was unopposed, pursuant to this district's local rules. S.D. Tex. L.R. 7.4. Then, one week after the Court entered its Order, IOU filed a Motion to Reconsider. ECF No. 29.[1]

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *See St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997). However, a court retains the power to revise an interlocutory order before entering judgment adjudicating the parties' claims, rights, and liabilities. FED. R. CIV. P. 54(b). "Under Rule 54(b), the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the

---

[1] There are also several motions pending related to IOU's Motion to Reconsider. They are: (1) Wersant's Motion to Strike IOU's Reply (ECF No. 38); (2) Wersant's Motion for Leave to File Sur-Reply to Reply (ECF No. 38); (3) Motion to take Judicial Notice of IOU's Stay Violation (ECF No. 38); IOU's Motion for Leave to File Late Reply (ECF No. 40); and Wersant's Cross Motion to Deny IOU's Motion and for Attorney Fees (ECF No. 42).

substantive law." *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017). "The discretion to modify an interlocutory order does not eliminate 'the policy reasons behind discouraging motions for reconsideration which rehash the same arguments or, without justification, raise new arguments for the first time.'" *Caramba, Inc. v. Nationwide Mut. Fire Ins. Co.*, No. CV H-19-1973, 2021 WL 259388, at *2 (S.D. Tex. Jan. 26, 2021) (quoting *DAC Surgical Partners P.A. v. United Healthcare Servs., Inc.*, 2017 WL 3484507, *2 (S.D. Tex. Aug. 14, 2017)). Accordingly, courts must exercise their "broad discretion under Rule 54(b) sparingly to prevent the unnecessary reexamination of interlocutory orders with the resulting burdens, including expense and delay." *Caramba*, 2021 WL 259388, at *2.

Here, the Court concludes that it should reverse its previous grant of Wersant's Motion to Enforce. When faced with an identical motion filed by Wersant, a Maryland district court recently concluded that it lacked subject matter jurisdiction over his dispute. *Tony Vitrano Co. v. Lanasa Produce, Inc.*, No. CV 21-00148-BAH, 2024 WL 3535026, at *10 (D. Md. July 12, 2024). This Court reaches the same conclusion here. Wersant is not a party to this action and has failed to intervene in the action. As the *Tony Vitrano* court explained, "[w]hen a non-party fails to properly intervene, the Court lacks jurisdiction over the non-party's dispute." *Id.* (citing *United States v. 1308 Selby Lane, Knoxville, TN 37922*, 675 F. App'x 546, 547 (6th Cir. 2017) and *Infant Formula Antitrust Litig., MDL 878 v. Abbott Lab'ys*, 72 F.3d 842, 843 (11th Cir. 1995)).

Even if Wersant had filed a motion to intervene, reconsideration of the Court's previous order would be appropriate. The parties agree that Georgia law applies to this matter. It is well-established in Georgia that "when such a contract exists for the payment of a contingent fee, the happening of the contingency is a condition precedent to the right of the attorney to recover for his

services, and the precise event which was contemplated must happen." *Flip Face U.S.A. v. Alexandria Moulding, Inc.*, No. 1:15-CV-883-MHC, 2020 U.S. Dist. LEXIS 257840, at *10 (N.D. Ga. 2020) (quoting *Ellerin & Assocs. v. Brawley*, 263 Ga. App. 860, 861, 589 S.E.2d 626 (2003)). Specifically, when an attorney withdraws from representation prior to the occurrence of the contingency, that attorney loses their right to fees. *Id.* at *10–*12; *see also Odom v. Hilton*, 105 Ga. App. 286, 293, 124 S.E.2d 415, 419 (1962). Here, Wersant's Employment Agreement provides:

> Your base compensation shall be an annual salary of $150,000 based on a minimum five (5) day work week (Monday to Friday) of forty (40) hours. This compensation will be the base pay, in addition there will be a *10% recovery fee on loans assigned that are then recovered while employed with IOU.* If loans are assigned to other counsel or outside counsel and payment has to be made to other counsel – then terms may need to be adjusted to accommodate and/or off board to [the][sic] other law firm or lawyer.

ECF No. 31-1 at 1–2 (emphasis added). Wersant was terminated by IOU on October 13, 2022. ECF No. 31-2. The parties agree that IOU made all salary payments and earned recovery fees to Wersant during his employment. Based on the plain language of the Employment Agreement, the Court concludes that Wersant has no contractual right to any portion of fees that IOU has recovered or will recover after Wersant's termination.[2]

All in all, the Court **GRANTS** IOU's Motion (ECF No. 31) and reconsiders its prior ruling. Wersant's Motion to Enforce (ECF No. 29) is **DENIED**. All other pending Motions (ECF Nos. 38, 40, 42) are **DENIED AS MOOT**.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 16th day of August, 2024.

---

[2] Wersant argues that he is nevertheless entitled to relief because he withdrew from the action "due to IOU's illegal retaliation against him" and so his departure should be treated as a wrongful termination. However, he has not provided any evidence of this "illegal retaliation." In fact, the Department of Labor's investigation concluded that there was no basis to these claims. ECF No. 31-2.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE